IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBORAH SLUTTER,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | **NO. 08-3046** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Defendant | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                   **February 19, 2010**

Deborah Slutter brought this case against the United States of America seeking the return of $20,000 which she offered in compromise for the full discharge of her tax indebtedness for tax years 2003, 2004, and 2005. The Internal Revenue Service rejected the offer initially and on appeal, and applied the sum to the $57,242.67 she owed the government for those tax years. The defendant has filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, I will grant the motion and enter judgment in favor of the defendant.

**I. BACKGROUND**

On August 28, 2007, with the assistance of a certified public accountant, Miss Slutter submitted IRS Form 656,[1] entitled Offer in Compromise, to the Internal Revenue

---

[1] Page 2 of this form contains the following provision: "By submitting this offer, I/we have read, understand and agree to the following conditions: . . . (b) Any payments made in connection with this offer will be applied to the tax liability unless I have specified that they be treated as a deposit. Only amounts that exceed the mandatory payments can be treated as a deposit. Such a deposit will be refundable if the offer is rejected or returned by the IRS or is withdrawn. I/we understand that the IRS will not pay interest on any deposit." The plaintiff and
(continued...)

Service together with a lump-sum payment of $20,000. See Compl. ¶ 4; see also Pl. Ex. A. Three months later, the government rejected the offer and retained the money. Id. ¶ 5. A month later, Miss Slutter appealed the decision but her appeal was denied the following April.[2] She received notice from the Internal Revenue Service that part of the $20,000 payment was used to satisfy her liability for tax year 2003, and the remaining amount, i.e., $9,649.45, was characterized as an overpayment and applied toward her liability for tax year 2004. Id. ¶¶ 6, 7; see also Compl. Ex. D at 3. Miss Slutter then filed this complaint characterizing the government's decision to retain the lump sum offer as an "outrageous abuse of discretion and a violation of its own regulations."

## II. STANDARD FOR JUDGMENT ON THE PLEADINGS

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The applicable standard on a motion for judgment on the pleadings is the same as the standard applied to a motion filed pursuant to FED.R.CIV.P.

---

[1](...continued)
her CPA both executed this form. The plaintiff argues that this form directly contradicts the IRS's own regulations and statutes, and characterizes the form as a contract of adhesion. While the provision on the form directly contradicts the relevant portions of the Internal Revenue Code and its regulations, see infra pp. 6-7, that is not dispositive here.

[2] The notice from the Internal Revenue Service informing Miss Slutter that her appeal was denied contains a typographical error, which the parties have not mentioned. The first sentence reads, "This refers to your offer of $2,000, dated August 28, 2007 to compromise your liability . . ." See Compl., Exhibit D at 1. All other documents correctly portray Miss Slutter's offer-in-compromise as $20,000.

12(b)(6). Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004)). Such a motion cannot be granted "unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-291 (3d Cir.1988)). In reviewing a 12(c) motion, the court must view the facts in the pleadings and the inferences drawn therefrom in the light most favorable to the non-moving party. Id.

## III. DISCUSSION

The first obstacle to Miss Slutter's recovery is the government's entitlement to sovereign immunity. The United States is immune from suit, unless it consents to be sued by waiving its sovereign immunity. Lehman v. Nakshian, 453 U.S. 156, 160 (1981); see also United States v. Testan, 424 U.S. 392, 399 (1976) (the United States, including its agencies and its employees, can be sued only to the extent that it has expressly waived its sovereign immunity). Moreover, when a plaintiff seeks to sue the United States, she may not rely on the general federal question jurisdiction of 28 U.S.C. § 1331, but must identify a specific statutory provision that waives the government's sovereign immunity from suit. Such a waiver must be "unequivocally expressed," and any waiver will be strictly construed in favor of the sovereign. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992); see also Clinton County Comm'rs v. United States EPA, 116 F.3d 1018, 1021 (3d Cir. 1997) (same). Where the sovereign has waived immunity, no suit can be

maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. United States v. King, 395 U.S. 1, 4 (1969). A plaintiff bears the burden of asserting specific provisions waiving the sovereign immunity of the United States. Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

Miss Slutter asserts that jurisdiction is conferred on this court by the provisions of 28 U.S.C. § 1346(a)(1). See Compl. ¶ 3. That section provides that the district courts shall have original jurisdiction of:

> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1). The defendant insists that Miss Slutter has not established that an explicit waiver of the United States' sovereign immunity exists because the cited statute is a general grant of jurisdiction to the court and is not a cause of action by itself. I do not agree.

The United States Supreme Court recognized that 28 U.S.C. § 1346(a)(1) waives the government's sovereign immunity from suit by authorizing federal courts to adjudicate "any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegal assessed or collected." United States v. Williams, 514 U.S. 527, 530 (1995). Despite its spacious terms, however, Section 1346(a)(1) must be read in conformity with other statutory provisions placing

requirements or restrictions on such actions which limit and determine the scope of this grant of jurisdiction. Koss, et al. v. United States of America, 69 F.3d 705, 707 (3d Cir. 1995) (citing United States v. Dalm, 494 U.S. 596, 601 (1990)). In its alternative argument, the defendant suggests that this action be considered a claim for a tax refund, and that § 1346(a)(1) be read in conformity with 26 U.S.C. § 7422.[3] I am not persuaded.

In order to bring a suit for refund under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422, the taxpayer must first exhaust her administrative remedies by paying the tax assessment fully and then timely filing a claim for refund with the Internal Revenue Service. See 26 U.S.C. § 7422(a); Dalm, 494 U.S. at 601-602; Flora v. United States, 357 U.S. 63, 68 (1958); Koss, 59 F.3d at 708. As the defendant points out, Miss Slutter has not fulfilled either of these jurisdictional prerequisites, and her claim would fail.

Nevertheless, I do not agree with the defendant that Miss Slutter is seeking a tax "refund" as that term is typically used in tax cases. Miss Slutter is not seeking the return by the government of excess taxes that she paid. Instead, she availed herself of a legal mechanism outlined in the Internal Revenue Code which allowed her to present the government an offer-in-compromise of her tax liability. It is that payment of $20,000 of which she seeks the return due to the government's rejection of her offer, not any excess

---

[3] Section 7422 provides "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).

5

taxes paid. Thus, the $20,000 cannot be characterized as a traditional tax "return," as contemplated in § 7422. Rather, it is the consideration which accompanied her offer-in-compromise ultimately rejected by the government.

I find that three sections in particular of the Internal Revenue Code, when read in conformity with § 1346(a)(1), provide the statutory provisions necessary to determine the scope of the court's authorization to adjudicate these types of cases. Koss, 69 F.3d at 707.

First, 26 U.S.C. § 7122 gives the Secretary of the Treasury, or his delegate, the authority to compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense. 26 U.S.C. § 7122(a). The statute further states that the Secretary shall prescribe guidelines for officers and employees of the Internal Revenue Service to determine whether an offer-in-compromise is adequate and should be accepted to resolve a dispute. 26 U.S.C. § 7122(c).

Second, 26 U.S.C. § 7809(b)(1) provides for the placement of funds offered in compromise in a deposit fund account, and more importantly here, for the return of such funds to the maker of the offer upon rejection by the Secretary. The statute specifically states that sums offered under the provisions of 26 U.S.C. § 7122 would be deposited with the Treasurer in a deposit fund account, and "the Secretary *shall* refund to the maker of such offer the amount thereof." See 26 U.S.C. § 7809(b)(1) (emphasis added). This

framework is also outlined in the Internal Revenue's own regulations. Specifically, 26 C.F.R. § 301.7122-1(h) provides:

> Deposits. Sums submitted with an offer to compromise a liability or during the pendency of an offer to compromise are considered deposits and will not be applied to the liability until the offer is accepted unless the taxpayer provides written authorization for application of the payments. . . . ***If an offer is rejected, any amount tendered with the offer, including all installments paid on the offer, will be refunded, without interest, after the conclusion of any review sought by the taxpayer with Appeals.*** Refund will not be required if the taxpayer has agreed in writing that amounts tendered pursuant to the offer may be applied to the liability for which the offer was submitted.

26 C.F.R. § 301.7122-1(h) (emphasis added). I note that the regulation places no onus on the taxpayer to "flag" the money offered in compromise as a deposit in order to receive the money back, as instructed on IRS form 656, see supra pp. 1-2, n. 1. To the contrary, these sections of the Internal Revenue Code and the Internal Revenue Regulations clearly support Miss Slutter's contention that the payment she offered in compromise of her tax liability should have been returned to her once that offer was rejected.

Finally, 26 U.S.C. § 7433(a) specifically waives sovereign immunity limited to actions seeking damages in connection with any collection of tax that involves the reckless, intentional, or negligent disregard of any provision or regulation under the Internal Revenue Code:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of

7

> negligence, disregards any provision of this title, or any
> regulation promulgated under this title, ***such taxpayer may
> bring a civil action for damages against the United States in
> a district court of the United States***. Except as provided in
> section 7432, such civil action shall be the exclusive remedy
> for recovering damages resulting from such actions.

See 26 U.S.C. § 7433(a) (emphasis added). That Miss Slutter did not receive the $20,000 back from the government upon the rejection of her offer-in-compromise tends to prove that an officer or employee of the Internal Revenue Service disregarded the above provisions of the Tax Code either recklessly, intentionally, or negligently.

The final obstacle to Miss Slutter's recovery, however, is a fatal one. Title 26 of the United States Code, Section 7433 is subject to a requirement that all administrative remedies within the Internal Revenue Service available to the plaintiff be exhausted before bringing suit here. See 26 U.S.C. § 7433(d). The framework for these administrative remedies is outlined in 26 C.F.R. 301.7433-1(d).[4] While Miss Slutter appealed the rejection of her offer-in-compromise with the Internal Revenue Service, there is nothing in the record which shows that she filed an administrative claim described

---

[4] 26 C.F.R. § 301.7433-1(d) provides:
 (1) Except as provided in paragraph (d)(2) of this section, no action under paragraph (a) of this section shall be maintained in any federal district court before the earlier of the following dates: (i) The date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or (ii) The date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.
 (2) If an administrative claim is filed in accordance with paragraph (e) of this section during the last six months of the period of limitations described in paragraph (g) of this section, the taxpayer may file an action in federal district court any time after the administrative claim is filed and before the expiration of the period of limitations.

in 26 C.F.R. 301.7433-1(e)[5] for the return of the $20,000 submitted with the offer-in-compromise before filing this complaint. Her request for an appeal of the decision rejecting the offer-in-compromise is a separate matter and does not satisfy this requirement. Under these circumstances, this case cannot be maintained due to its non-compliance with the terms of the statute under which the sovereign has consented to be sued. King, 395 U.S. at 4. Because sovereign immunity is jurisdictional in nature, F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994), and Miss Slutter has failed to meet the jurisdictional prerequisite of exhaustion of administrative remedies, I am constrained to find that the court has no subject matter jurisdiction over this matter. Accordingly, I will grant the defendant's motion.

    An appropriate Order follows.

---

[5] 26 C.F.R. § 301.7433-1(e) provides:
    (1) An administrative claim for the lesser of $ 1,000,000 ($ 100,000 in the case of negligence) or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.
    (2) Form. The administrative claim shall include:
        (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
        (ii) The grounds, in reasonable detail, for the claim;
        (iii) A description of the injuries incurred by the taxpayer filing the claim;
        (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable; and
        (v) The signature of the taxpayer or duly authorized representative.